UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DELFINO RIVAS,**

    **Plaintiff,**

                              **CASE NO.:**

**v.**

**AMAZON.COM SERVICES, LLC,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DELFINO RIVAS, by and through undersigned counsel, brings this action against Defendant, AMAZON.COM SERVICES, LLC, and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1.  This is an action for damages for violations of Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Florida Civil Rights Act of 1992, as amended (the "FCRA"), Fla. Stat. Section 760.01 *et seq*.

2.  This Court has subject matter jurisdiction under 42 U.S.C. § 12101 *et seq*.

3.  Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Plaintiff is a resident of Osceola County, Florida.

5. Defendant operates a packing and distribution center in Orlando, in Orange County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

## FACTS

11. Plaintiff began working for Defendant on or around October 8, 2020, as a packer, and he worked in this capacity until on or around May 15, 2021.

12. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one

or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

13. Plaintiff continues to suffer from the aforementioned physical or mental condition.

14. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

15. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA and the FCRA.

16. In or around December, 2020, Plaintiff was hospitalized for COVID-19.

17. Due to COVID-19 and related health complications, Plaintiff was out of work from December 10, 2020, through January 2, 2021.

18. Upon Plaintiff's return to work, Plaintiff suffered from a qualified disability or was perceived as such, due to COVID-19-related effects and complications.

19. In or around February, 2021, due to Plaintiff's disability, Defendant gave Plaintiff a "write up" for alleged "low production."

20. Plaintiff's General Manager requested that Plaintiff provide medial documentation and request restrictions, if needed.

21. In or around February, 2021, Plaintiff requested an accommodation from Defendant for Plaintiff's condition. Specifically, Plaintiff requested that he be permitted more frequent breaks.

22. Defendant refused to engage in an interactive discussion regarding Plaintiff's request for accommodation.

23. Defendant denied Plaintiff's request for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

24. By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's condition.

25. In or around March, 2021, due to Plaintiff's disability, Defendant gave Plaintiff another "write up" for alleged "low production."

26. Plaintiff filed appeals for his first two "write-ups," however, these appeals were denied.

27. In or around March, 2021, Plaintiff, again, explained to Defendant that Plaintiff has a disability and is in need of reasonable accommodations due to that disability.

28. Defendant, again, refused to engage in an interactive discussion regarding Plaintiff's request for accommodation.

29. In or around May, 2021, due to Plaintiff's disability, Defendant, yet again, gave Plaintiff a "write up" for alleged "low production."

30. Defendant conveyed to Plaintiff that the May, 2021, "write up" was a final "write up" and that Plaintiff would be terminated if his performance did not improve.

31. In or around May, 2021, Plaintiff asked Defendant's Human Resources Department ("HR") about Plaintiff's previously-denied accommodation request.

32. In response to Plaintiff speaking with HR, in or around May, 2021, HR informed Plaintiff that they would suspend the potential termination. However, HR also informed Plaintiff to arrive to work for his Saturday shift and "if your badge swipes, then you can come in and work as usual and if doesn't, then you have been terminated."

33. On or around May 14, 2021, Plaintiff was able to work his next shift.

34. However, on or around May 15, 2021, Plaintiff was informed by HR that Defendant was, once again, denying Plaintiff's reasonable request for accommodation.

35. On or around May 15, 2021, Defendant terminated Plaintiff's employment with Defendant.

36. In terminating Plaintiff's employment, Defendant failed to follow its own progressive discipline policy.

37. Defendant terminated Plaintiff's employment due to Plaintiff's disability and in retaliation for having requested a reasonable accommodation.

## COUNT I – ADA VIOLATION
## (DISABILITY DISCRIMINATION)

38. Plaintiff realleges and readopts the allegations of paragraphs 4 through 37 of this Complaint, as though fully set forth herein.

39. Plaintiff is a member of a protected class under the ADA.

40. Plaintiff was subjected to disparate treatment by Defendant on the basis of disability, and/or perceived disability.

41. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform all of the essential functions of job with Defendant.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

27. Plaintiff realleges and readopts the allegations of Paragraphs 4 through 24, 27 through 28, 31 through 32, and 34 of this Complaint, as though fully set forth herein.

28. Plaintiff is disabled, or was perceived by Defendant as being disabled.

29. Defendant failed to provide Plaintiff with a reasonable accommodation for disability, and shortly thereafter terminated employment.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  (f) Compensatory damages, including emotional distress, allowable at law;

  (g) Punitive damages;

  (h) Prejudgment interest on all monetary recovery obtained;

  (i) All costs and attorney's fees incurred in prosecuting these claims; and

  (j) For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

32. Plaintiff realleges and readopts the allegations of paragraphs 4 through 15, 21 through 22, 25 through 32, and 34 through 37 of this Complaint, as though fully set forth herein.

33. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34. Plaintiff engaged in protected activity under the ADA by HOW DID P EXERCISE HIS RIGHTS UNDER ADA.

35. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment with Defendant..

36. Defendant's actions were willful and done with malice.

37. The adverse employment action that Defendant took against Plaintiff was material.

38. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

    d) That this Court enter an injunction restraining continued violation of the ADA;

    e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    f) Reinstatement of Plaintiff to a position comparable to prior position, or in the alternative, front pay;

    g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    h) Any other compensatory damages, including emotional distress, allowable at law;

      i)     Punitive damages;

      j)     Prejudgment interest on all monetary recovery obtained.

      k)     All costs and attorney's fees incurred in prosecuting these claims; and

      l)     For such further relief as this Court deems just and equitable.

### COUNT IV – FCRA VIOLATION
### (DISABILITY DISCRIMINATION)

39. Plaintiff realleges and readopts the allegations of paragraphs 4 through 37 of this Complaint, as though fully set forth herein.

40. Plaintiff is a member of a protected class under the FCRA, as an individual with a qualified disability.

41. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability and/or perceived disability.

42. Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against him by terminating him after he engaged in protected activity.

43. Defendant's actions were willful and done with malice.

44. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

      a)     A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

45. Plaintiff realleges and readopts the allegations of paragraphs 4 through 24, 27 through 28, 31 through 32, and 34 of this Complaint, as though fully set forth herein.

46. Plaintiff has a disability, or was perceived by Defendant as having a disability.

47. Defendant failed to provide Plaintiff with a reasonable accommodation for Plaintiff's disability, and shortly thereafter, Defendant terminated his employment.

48. Defendant's actions were willful and done with malice.

49. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- a) A jury trial on all issues so triable;
- b) That process issue and that this Court take jurisdiction over the case;
- c) Compensation for lost wages, benefits, and other remuneration;
- d) Front pay;
- e) Any other compensatory damages, including emotional distress, allowable at law;
- f) Punitive damages;
- g) Prejudgment interest on all monetary recovery obtained.
- h) All costs and attorney's fees incurred in prosecuting these claims; and
- i) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

50. Plaintiff realleges and readopts the allegations of paragraphs 4 through 15, 21 through 22, 25 through 32, and 34 through 37 of this Complaint, as though fully set forth herein.

51. Plaintiff is a member of a protected class under the FCRA, as an individual with a qualified disability.

52. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

53. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of his job with Defendant.

54. Defendant's actions were willful and done with malice.

55. Defendant took material adverse action against Plaintiff by terminating Plaintiff's employment with Defendant.

56. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    Compensation for lost wages, benefits, and other remuneration;

    d)    Front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 4th day of May, 2023.

Respectfully submitted,

*/s/ Hannah E. DeBella*
**BRANDON J. HILL**
Florida Bar Number: 0037061
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
Direct Dial: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Counsel for Plaintiff**